UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:25-CV-00661-JSM-PRL

JACK EDEN,
an Individual,

    Plaintiff,

v.

HCRC BAR AND RESTAURANT LLC,
a Florida Limited Liability Company, and
RMI MANAGEMENT II LLC,
a Foreign Limited Liability Company,

    Defendants.
_____/

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL WITH DECLARATIVE AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, **JACK EDEN** ("Plaintiff"), by and through his undersigned counsel, files this Amended Complaint against Defendant, **HCRC BAR AND RESTAURANT LLC** ("HCRC") and **RMI MANAGEMENT II LLC** ("RMI") (collectively, "Defendants"), and in connection therewith states as follows:

### NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendants overtime compensation, liquidated damages,

declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is an employee who, at all times relevant, has resided in Lake County, Florida, and has performed services on behalf of Defendant in Lake County, Florida.

3. Defendant HCRC is a Florida Limited Liability Company which is located and conducts a substantial amount of business in Lake County, Florida.

4. Defendant HCRC is in the business of food preparation and service.

5. Defendant RMI is a Foreign Limited Liability Company located in Arizona, and which, at all times relevant, conducts business in Lake County, Florida.

6. Defendant RMI is in the business of personnel management, payroll, and human resources.

7. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

8. Venue is proper in this Court, as the actions giving rise to this lawsuit

have occurred in Lake County, Florida, and counties, and Defendant is located and does business in Lake County, Florida.

9. At all times material hereto, Defendant HCRC, a food service business, was continuously a joint employer with Defendant RMI, and resource and personnel business where both generally controlled the terms and conditions of the employment of Plaintiff.

10. At all times material hereto, Defendant HCRC and Defendant RMI had an arrangement to jointly share Plaintiff's services, and jointly exercise authority and control over Plaintiff's scheduling, payroll, and general working conditions, which often included an arrangement to have Plaintiff simultaneously complete tasks for both Defendants.

## **FLSA COVERAGE**

11. At all times material hereto, Defendants were "employers" within the meaning of 29 U.S.C. § 203(d).

12. At all times material hereto, Plaintiff was a resident of Lake County, Florida.

13. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

14. At all times material hereto, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

15. At all times material hereto, Defendant were "enterprises engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

16. The annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

18. At all times material hereto, Plaintiff was subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

19. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, utensils, and furniture, but which had come to rest within its business location in Lake County, Florida.

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants, in that Defendants could not operate its business without employees like Plaintiff.

## FACTUAL ALLEGATIONS

21. Plaintiff worked for Defendants as a Line Cook in Lake County, Florida, from February 1, 2021, until his separation from Defendants on December 15, 2022.

22. On or about March 26, 2021, Plaintiff received an email from RMI regarding his employment and new hire packet with RMI, referring to his new position with Castaways Bar & Grill, which is owned and operated by HCRC.

23. Throughout his time with Defendants, Plaintiff was paid a fixed hourly rate and was not paid the proper overtime premium no matter how many hours in excess of forty (40) he worked in a given week.

24. Plaintiff's hourly rate of pay was $17.00 per hour.

25. Plaintiff's primary duties were preparing a cooking food for restaurant patrons.

26. Plaintiff always worked in Lake County, Florida, and nearby/adjacent counties, and his activities were at all times controlled and closely supervised by Defendants' managers and supervisors.

27. Plaintiff had no authority to hire or fire employees of Defendants.

28. Plaintiff had no authority to discipline employees of Defendants.

29. Plaintiff had no authority to set rates of pay for other employees or agents of Defendants.

30. All of Plaintiff's major decisions had to be cleared in advance by one of Defendants' supervisors.

31. Plaintiff was closely monitored by Defendants' managers and supervisors at all times.

32. Plaintiff followed procedures established by Defendants and did exactly as he was instructed to do.

33. Throughout Plaintiff's employment, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

34. Plaintiff regularly worked sixty (60) or more hours per week for Defendants during his employment.

35. Defendants failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during his employment with Defendants.

36. When Plaintiff worked more than forty (40) hours in a given work week, Defendants failed to properly pay him for all overtime hours worked.

37. Defendants consistently failed to pay Plaintiff anything at all for overtime hours that he worked during his employment.

38. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

39. Defendants violated Title 29 U.S.C. §207 in that:

    (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendants;

    (b) No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    (c) Defendants failed to maintain proper time records as mandated by the FLSA.

40. Prior to violating the FLSA, Defendants did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

41. Prior to violating the FLSA, Defendants did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

42. Prior to violating the FLSA, Defendants did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

43. Defendants knew that its pay practices and policies were governed by the FLSA by operating/managing a restaurant.

44. Defendants knew that Plaintiff was working over 40 hours for the relevant period, on an hourly rate, and knew that failing to pay him overtime pay was a violation of the FLSA.

45. While Plaintiff does not have all of his time records, Plaintiff estimates his FLSA damages to be:

**October 10, 2022 through December 15, 2022 (approximately 10 weeks):**

Based on a time-and-a-half method, Plaintiff calculates his damages as follows:

Hourly Rate of pay:  $17.00 hourly rate

Overtime Premium:  $17.00 X 1.5 = $25.50

20 hours (approximate overtime hours per week) X $25.50 (unpaid overtime rate) = $510.00 unpaid overtime compensation per week.

$510.00 (unpaid overtime compensation per week) X 10 weeks = $5,010.00

TOTAL:  $5,010.00 (unliquidated) and, if liquidated, $10,020.00

46. Based on the allegations in Paragraphs 40 through 42, above, Plaintiff is entitled to liquidated damages, as Defendants had no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

47. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

48. Plaintiff reincorporates and re-alleges paragraphs 1 through 47 of the Complaint, above, as though set forth fully herein, and further alleges as follows:

49. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

50. During Plaintiff's employment with Defendants, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

51. Plaintiff was not an exempt employee as defined by the FLSA, and was instead an hourly-paid non-exempt employee as defined by the FLSA.

52. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

53. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendants, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of

herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and order any other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 8th day of January, 2025.

Respectfully submitted,

**/s/ Andres Kroboth**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Andres Kroboth, Esq.
Florida Bar No. 1016483
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: andres@floridaovertimelawyer.com
E-Mail: noah@floridaovertimelawyer.com
*Trial Counsel for Plaintiff*